Unites States Government, as noted in the Court's previous Order denying defendant's 12(c) motion, expended tremendous effort investigating Tracy Jonassen's claim. Tracy Jonassen alleged very serious issues amounting to possible fraud. This was all done in the background context of investigations by the Washington State Auditor and civil and criminal investigations by the federal government pertaining to the POS contracting practices associated with the Third Runway Project. These are the matters Tracy Jonassen pursued in his FCA complaint. These are the matters he brought to the POS management's attention.

Defendant relies upon dicta and a very narrow reading of the 9th Circuit opinion in *United States ex. rel. Hopper v. Anton*, 91 F.3d 1261 (9th Cir. 1996), in making their argument. *Hopper, supra.,* is factually and procedurally distinguished from the present case. The holding in *Hopper, supra.,* was based upon a jury's factual determination that the only individual they found to be discriminating against the plaintiff was a single individual supervisor of the defendant employer. The jury found that the supervisor had not known the plaintiff was engaged in protected activity. Thus, the jury's verdict for the plaintiff was not established by the evidence as the required element of employer knowledge (of plaintiff's protected activity) had not been established.

The dicta in *Hopper, supra.,* cited by defendant in making their claim that Mr. Jonassen had a meritless FCA claim was not necessary to the Court's result, as is noted above. The concept of a FCA action as a prerequisite to a 31 U.S.C. 3130(h) whistle blower retaliation suit simply is a short hand reference to the statutory requirements for a 3130(h) claim, i.e, that an employee must not *". . . in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."* [31 U.S.C 3721, et seq.] 31 U.S.C. 3730(h) (emphasis added).

Mr. Jonassen has alleged that he has been and continues to be discriminated against by defendant because of his investigation of, initiation of, testimony for, and/or assistance (to the United States) in the action he did ultimately file in this Court alleging a FCA claim against defendant. Mr. Jonassen has properly established sufficient facts that he took acts in furtherance of a FCA action and, thus, he is in a protected class. The factual detail submitted with the declarations filed concomitant with this response establishes

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT DISMISSAL**
**OF PLAINTIFF'S COMPLAINT - 3 OF 24**

**LAW OFFICE OF DOUGLAS R. CLOUD**
901 South "I" St., Ste. 101
Tacoma, Washington 98405
Phone: 253-627-1505 Fax: 253-627-8376