HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JONASSEN,<br><br>    Plaintiff,<br><br> v.<br><br>PORT OF SEATTLE,<br><br>    Defendant. | CASE NO. C11-34 RAJ<br><br>ORDER |

  This matter comes before the court on the court's order to show cause why the court should not decline supplemental jurisdiction over the remaining state law claim for breach of contract.  Dkt. # 80.

  A district court may retain supplemental jurisdiction over a plaintiff's state law claim after dismissing every claim over which it had original jurisdiction. 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  In determining whether to exercise discretion to retain jurisdiction, the court considers judicial economy, convenience, fairness and comity.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), *superseded on other grounds by statute as recognized in Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *see also Osborn v. Haley*, 549 U.S. 225, 245 (2007) (concluding that considerations of judicial economy and

ORDER- 1

convenience and fairness to the litigants make it reasonable and proper for a federal court to proceed to final judgment, once it has invested time and resources to resolve a case).

The court exercises its discretion to retain supplemental jurisdiction over plaintiff's remaining breach of contract claim. Plaintiff chose to file this case in this court, it has been pending for more two years, the parties conducted extensive discovery, which is now closed, and the court already ruled on dispositive motions. The Ninth Circuit upheld this court's dismissal of plaintiff's claim for retaliation under the False Claims Act, and reversed the court's dismissal of plaintiff's breach of contract claim. A breach of contract claim based on an employee handbook is neither novel nor complex under Washington law. The court finds that considerations of judicial economy, convenience, fairness and comity weigh in favor of retaining jurisdiction.

The Clerk is DIRECTED to enter an amended case schedule with a trial date of July 28, 2014. The deadline to file motions *in limine* shall be no later than May 1, 2014, and the deadline for the parties to file their joint jury instructions pursuant to Local Civil Rule 51 shall be July 15, 2014. The remaining pre-trial deadlines shall be set pursuant to a normal case schedule.

Dated this 27th day of February, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER- 2