HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRACY JONASSEN,

                Plaintiff,

    v.

PORT OF SEATTLE,

                Defendant.

CASE NO. C11-34 RAJ

ORDER

      This matter comes before the court on defendant Port of Seattle's motion to amend the case schedule.  Dkt. # 85.  District courts have discretion to entertain successive motions for summary judgment.  *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010).  Although this court rarely allows successive motions for summary judgment, the court believes that defendants have demonstrated good cause to alter the pre-trial schedule and permit a second motion for summary judgment on plaintiff's breach of contract claim.  Fed. R. Civ. Proc. 16(b)(4); Local Civil Rule 16(b)(4).

      In its first motion for summary judgment, defendant moved to dismiss plaintiff's breach of contract claim based on a Washington Court of Appeals case that indicated that anti-harassment and anti-retaliation policies contained in an employee manual do not constitute promises of specific treatment in specific situations. Dkt. # 41 at 30.  In opposition, plaintiff failed to respond substantively to this argument, and did not provide

1   any legal authority in opposition.  *See generally* Dkt. # 49.[1]  As a result, the court granted

2   the summary judgment motion on the grounds raised by defendant.  Dkt. # 65 at 11-12.

3   The Court of Appeals reversed, finding that the Washington State Court of Appeals

4   decision relied upon was in tension with a later Washington Supreme Court case.  Dkt. #

5   78 at 3-5.

6          On appeal, plaintiff raised legal arguments addressing the merits of his breach of

7   contract claim that he had not previously raised to this court.  Case No. 12-35807, Dkt. ##

8   9-1 at 29-33; 20-1 at 19, 21-23.  In response, defendant raised alternative grounds for

9   dismissal in addition to the argument previously raised in this court.  Case No. 12-35807,

10  Dkt. # 15-1 at 63-71.  The Court of Appeals declined "to affirm on alternative grounds, as

11  they were raised for the first time on appeal and may depend on further factual

12  development."  *Id.* at 5.  The Court of Appeals opined that "[i]t is quite possible,

13  however, that on remand one or more of those arguments may have validity.  We leave

14  those arguments, and the question of whether to retain supplemental jurisdiction[2] over

15  Jonassen's state-law claims for the district court to consider on remand."  *Id.*

16         Plaintiff argues that motions *in limine* or a motion for directed verdict can

17  adequately address defendant's concerns.  Dkt. # 86.  The court disagrees.  The court has

18  not had the benefit of plaintiff's legal arguments with respect to the merits of his breach

19  of contract claim.  The court believes that the most efficient course to narrow the issues

20  on plaintiff's breach of contract claim for trial is through a second motion for summary

21  judgment.  To the extent the parties rely on additional documents that were produced in

22  discovery and that were not previously provided to the court, they may do so.

23

24  _____

25      [1] While plaintiff did make general references to the employment policies in his
    opposition, and provide a legal citation with respect to the statute of limitations, he did not
26  provide substantive arguments as to the merits of his breach of contract claim.
       [2] On February 27, 2014, the court exercised its discretion to retain supplemental
27  jurisdiction based on judicial economy, convenience, fairness and comity.  Dkt. # 83.

The court also imposes the following parameters:

1.  The summary judgment motion must be filed by April 30, 2014, and noted for May 23, 2014.

2.  The summary judgment motion and any opposition shall not exceed 12 pages, and the reply shall not exceed 6 pages.

3.  The parties must strictly comply with the Local Civil Rules, including, but not limited to, Rule 10(e), including, Rule 10(e)(6), which requires pinpoint citations to the record, Rule 10(e)(9), to the extent the combined filing (including documents relied upon that were previously filed) exceeds 50 pages in length, and Rule 10(e)(10), which requires, among other things, that all exhibits submitted have been clearly marked to indicate relevant portions of testimony or text by highlighting, bracketing, underlining, or other similar method of designation.  Failure to comply with the Local Civil Rules may result in the court striking the filing.

4.  All legal and factual citations must be provided in the text of the brief, not in footnotes or endnotes.

5.  The court will not alter the trial date at this time.  However, to avoid counsel from expending time on pre-trial filings prior to an order on summary judgment, the court will amend the case schedule with respect to motions *in limine*.  The Clerk is DIRECTED to enter an amended case schedule with a deadline to file motions *in limine* of June 30, 2014.  All other deadlines shall remain the same.

For all the foregoing reasons, the court GRANTS defendant's motion.  Dkt. # 85.

Dated this 22nd day of April, 2014.

The Honorable Richard A. Jones
United States District Judge

ORDER- 3