UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JONASSEN,<br><br>               Plaintiff,<br><br>   v.<br><br>PORT OF SEATTLE,<br><br>              Defendant. | CASE NO. C11-34 RAJ<br><br>ORDER |

This matter comes before the court on defendant Port of Seattle's second motion for summary judgment. Dkt. # 89. In his Second Amended Complaint ("SAC"), plaintiff Tracy Jonassen alleged two causes of action: (1) violation of the False Claims Act ("FCA"), and (2) breach of defendant's anti-retaliation and harassment policies in defendant's employment handbook. Dkt. # 23 at 5-6. On September 4, 2012, this court granted defendant's first motion for summary judgment, dismissing this case. Dkt. # 65. On November 8, 2013, the Ninth Circuit affirmed the court's ruling as to plaintiff's FCA claim, and reversed as to the breach of employment handbook claim. Dkt. # 78. On remand, this court found good cause to alter the pre-trial schedule to permit defendant to file a second motion for summary judgment. Dkt. # 88.

1  Defendant argues, among other things, that plaintiff's breach of employment
2  policy claim is preempted by Section 301 of the Labor Management Relations Act
3  ("LMRA"), and, thus, subject to the grievance procedures under the collective-bargaining
4  agreement ("CBA") which plaintiff failed to undertake.

5  Summary judgment is appropriate if there is no genuine dispute as to any material
6  fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.
7  56(a). The moving party bears the initial burden of demonstrating the absence of a
8  genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
9  Where the moving party will have the burden of proof at trial, it must affirmatively
10 demonstrate that no reasonable trier of fact could find other than for the moving party.
11 *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where
12 the nonmoving party will bear the burden of proof at trial, the moving party can prevail
13 merely by pointing out to the district court that there is an absence of evidence to support
14 the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets
15 the initial burden, the opposing party must set forth specific facts showing that there is a
16 genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby,*
17 *Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most
18 favorable to the nonmoving party and draw all reasonable inferences in that party's favor.
19 *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). Additionally, the
20 court may only consider admissible evidence in resolving a motion for summary
21 judgment.[1] *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

---

[1] Mr. Jonassen has not signed his declaration. Dkt. # 93 at 18. Accordingly, his unsworn declaration is not admissible, and the court has disregarded it. *See* 28 U.S.C. § 1746. The court has considered the exhibits attached to Mr. Jonassen's declaration because the court believes that plaintiff would be able to provide proper authentication for these documents. At the summary judgment stage, the court focuses on the admissibility of the evidence's content, not on the admissibility of the evidence's form. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

Section 301 is a jurisdictional statute under which suits "for violation of contracts between an employer and labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (quoting 29 U.S.C. § 185(a)). Section 301 preempts all state-law causes of action where their evaluation requires interpretation of a labor contract's terms. *Miller v. AT&T Network Sys.*, 850 F.2d 543, 545 (9th Cir. 1988) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)). "Although its scope is substantial, section 301 does not preempt every suit concerning employment." *Id.* Accordingly, nonnegotiable state-law rights independent of any right established by contract are not preempted. *Id.*

To determine whether a state law is preempted, the court must first determine whether the asserted claim involves a right conferred upon an employee by virtue of state law, not by a CBA. *Burnside v. Kiewitt Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). To determine whether a particular right inheres in state law or is grounded in a CBA, the court must consider the legal character of the claim, as independent of rights under the CBA, and not whether a grievance arising from precisely the same set of facts could be pursued. *Id.* at 1060. If the right exists independently of the CBA, the court must consider whether it is nevertheless substantially dependent on analysis of a CBA. *Id.* at 1059. If such dependence exists, the claim is preempted. *Id.* To determine whether a state law right is substantially dependent on the terms of a CBA, the court must determine whether the claim can be resolved by looking to versus interpreting the CBA. *Id.* at 1060. A state law claim is preempted under section 301 if it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute. *Cramer*, 255 F.3d at 693.

Defendant appears to suggest that only certain tort-based claims, and not contract-based claims, can avoid preemption. Dkt. # 94 (Def.'s Reply) at 5-6. Defendant is

ORDER- 3

mistaken. The Supreme Court has concluded that "individual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 396 (1987). A "plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement." *Id.* (emphases in original); *accord Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn. 2d 168, 184 (Wn. 2005) ("The fact that an employee is covered by a collective bargaining agreement does not always, as a matter of law, bar the employee from bringing a claim of breach of promise of specific treatment in specific situations.").[2] Additionally, to the extent that an alleged policy manual is inconsistent with the provisions of a collective-bargaining agreement, the bargaining agreement controls. *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1474 (9th Cir. 1984), *overruled on other grounds by Allis-Chalmers*, 471 U.S. at 220; *see J.I. Case Co. v. Nat'l Labor Relations Bd.*, 321 U.S. 332, 339 (1944) (noting that individual employment agreements cannot be inconsistent with the collective agreement).

Plaintiff's only remaining claim is breach of defendant's anti-retaliation and harassment policies.[3] The Washington Supreme Court has recognized a cause of action where an employer creates an atmosphere of job security and fair treatment with promises of specific treatment in specific situations and an employee is induced to remain on the job and not actively seek other employment. *Korslund*, 156 Wn. 2d at 184. To state a claim for breach of promises of specific treatment in specific situations, the employee must prove that (1) a statement in an employee manual or handbook amounts

---

[2] There is no tension between Supreme Court authority and Washington Supreme Court authority on this point.

[3] Plaintiff has not alleged a claim under Washington's Whistleblower Protection Act, as he appears to contend. Dkt. # 91 at 9.

to a promise of specific treatment in specific situations, (2) the employee justifiably relied on the promise, and (3) the promise was breached. *Id.* at 184-85. These elements present issues of fact, but they may be decided as a matter of law if reasonable minds could not differ in resolving them. *Id.* at 185. This claim is not an implied or express contract claim, but is independent of a contractual analysis and instead relies on a justifiable reliance theory. *Id.*

The court finds that plaintiff's claim for breach of promises of specific treatment in specific situations involves a right conferred upon an employee by virtue of state law, not the CBA.

Thus, the court must determine whether plaintiff's claim is substantially dependent on the CBA. Plaintiff only identifies one specific promise that if he reported possible governmental misconduct to his employer, he would be protected from retaliation and harassment as a whistleblower.[4] Dkt. # 91 (Plf.'s Opp'n) at 7-8. The HR-22 (anti-

---

[4] The only policies at issue are those alleged in the SAC that provided defendant adequate notice of the grounds of his claim: "the written policies contained in the Defendant's 'Code of Conduct, Workplace Employee Handbook' against retaliation, harassment and discrimination against those who report possible fraud." Dkt. # 23 (SAC) ¶ XVIII. Plaintiff specifically identifies in his complaint "current Sections CC-5, CC-6, CC-8, CC-9 and CC-14 and the defendant's policies that preceded the referenced sections." *Id.* Although Jonassen failed to explicitly name the "Improper Governmental Action Policy," it appears that this policy is a predecessor to CC-14, which also covers reports of improper governmental activity. *Id.*; *Compare* Dkt. # 90-5 (Ex. 5 to Cramer Decl.) *with* Dkt. # 90-6 (Ex. 6 to Cramer Decl.). Accordingly, the court has considered the improper governmental action policy. Additionally, defendant has provided the current sections of the policies identified in the complaint (CC-5, CC-6, CC-8, CC-9 and CC-14), all of which indicated they were effective January 1, 2010. Plaintiff has not offered any evidence that disputes that these policies were not in effect prior to 2010. Accordingly, these current policies cannot support plaintiff's claim for conduct that pre-dated 2010. Plaintiff also refers to the policies on violence in the workplace and disability case management. Dkt. # 93-1 at 30-33 (Exs. 5 & 6 to Jonassen Decl.). However, nothing in plaintiff's SAC or in the sections specifically identified would have put defendant on notice that plaintiff grounded his claim in these policies. Plaintiff cannot now, at this late stage of the proceedings, raise new factual grounds not previously alleged in the complaint. *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). Accordingly, the court has disregarded these new policies.

harassment) and EX-13 (improper governmental conduct) policies contain anti-retaliation provisions that prohibit any retaliation against employees who bring complaints of illegal harassment or improper governmental conduct. Dkt. # 90-6 at 3 (Ex. 3 to Cramer Decl., EX-13 3/20/97 ¶¶ A.3, C.1); # 90-9 at 3-4 (Ex. 9 to Cramer Decl., HR-22 4/8/08); # 93-1 at 7 (Ex. 2 to Jonassen Decl., EX-13 12/8/08 ¶ C; # 93-1 at 21 (Ex. 4a to Jonassen Decl., HR-22 5/16/06). Retaliation includes any adverse personnel actions that affect the terms or conditions of employment. *Id.*

However, the CBA provides that the "Port reserves the right to discipline or terminate the employment of any employee for just cause. . . . In the event of a dispute as to whether or not "justifiable cause" existed, such dispute may be processed through the grievance procedure . . . ." Dkt. # 90-10 at 6 (Ex. 10 to Cramer Decl., CBA ¶¶ 7.07-7.08, 22.01-22.03). Thus, whether or not any adverse personnel action or any action that plaintiff complains of constituted retaliation would necessarily trigger the CBA's grievance procedures to determine whether the Port had "just cause" for the adverse action. With respect to harassment, the 2008 policy provides that any alleged violation of the anti-harassment policy "will generate an investigation and, if verified, will be considered 'gross misconduct' and can subject an employee to immediate termination. However, if this procedure conflicts with an applicable labor agreement, the provision of the labor agreement will prevail." Dkt. # 90-9 at 2 (Ex. 9 to Cramer Decl.). The 2006 version of the policy states that "[v]iolations of this policy may result in disciplinary action up to and including termination." Dkt. # 93-1 at 20 (Ex. 4a to Jonassen Decl.). However, the CBA governs both the Port's ability and right to discipline or terminate employment for just cause and the procedure by which an individual may challenge whether "just cause" exists. Dkt. # 90-10 at 6 (Ex. 10 to Cramer Decl., CBA ¶¶ 7.07-7.08, 22.01-22.03).

Accordingly, the court finds that plaintiff's claim for breach of the anti-harassment and improper government conduct policies are substantially dependent on the CBA.

For all the foregoing reasons, the court finds that plaintiff's remaining state-law claim is preempted by section 301 of the LMRA, and the court GRANTS defendant's second motion for summary judgment. The clerk is DIRECTED to enter judgment in favor of defendant and against plaintiff.

Dated this 10th day of June, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge