HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JONASSEN, | CASE NO. C11-00034RAJ |
| Plaintiff, | ORDER |
| v. | |
| PORT OF SEATTLE, a municipal corporation, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the court on defendant the Port of Seattle's ("the Port") motion to retax costs.  Dkt. # 110.  The motion is GRANTED IN PART.

## II. BACKGROUND

Plaintiff Tracy Jonassen ("Mr. Jonassen") alleged two claims for relief in his Second Amended Complaint: (1) retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) and (2) breach of the anti-retaliation and harassment policies contained

in his employee handbook.  Dkt. # 23.  The court granted the Port's first motion for summary judgment as to both claims.  Dkt. # 65.  The Ninth Circuit affirmed this court's order as to the first claim (False Claims Act), but reversed and remanded as to the second claim (breach of employee handbook policies).  Dkt. ## 78, 79.  The Port then filed a second motion for summary judgment as to the remaining claim.  Dkt. # 89.  The court granted the Port's second motion for summary judgment.  Dkt. # 96.  Accordingly, the Port is the "prevailing party" in this action.

After the court entered judgment, the Port moved for costs in the amount of $33,611.98.  Dkt. # 102.  The clerk awarded $13,050.10, allowing only costs directly incurred in connection with the two motions for summary judgment.  Dkt. # 109.

### III. ANALYSIS

**A.  Legal Standard**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorneys' fees—should be allowed to the prevailing party."  Accordingly, "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded."  *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (citing *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999)).  The Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  *Id.* at 945.

28 U.S.C. section 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42 (1987).  Those expenses include:

(1)  Fees of the clerk and marshal;

(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)  Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies
     of any materials where the copies are necessarily obtained
     for use in the case;

(5)  Docket fees under section 1923 of this title;

(6)  Compensation of court appointed experts, compensation
     of interpreters, and salaries, fees, expenses, and costs of
     special interpretation services under section 1828 of this title.

On a proper and timely motion, the court may review the clerk's taxation of costs. *See* Fed. R. Civ. P. 54(d)(1).

**B.  Deposition Costs**

The district court may tax costs related to deposition transcripts, even if the transcripts were not ultimately used in connection with summary judgment or trial.  *See Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001) ("[The court] can, in its discretion, tax those costs even if the items in question were not used at trial."); *see also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (acknowledging that court's taxation of costs is not limited to documents offered into evidence at a hearing or trial).  In exercising its discretion, the court considers whether the transcripts were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Depositions are "necessarily obtained" when they are or will be used in connection with trial or summary judgment, for impeachment, or to show damages.  *See Independent Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 678 (9th Cir. 1963).  Depositions which are merely useful for discovery are not taxable.  *Id.*  Additionally, the Ninth Circuit has expressed some doubt as to whether copies of a party's own deposition taken by an adversary should be taxable.

*Id.* at 678-69.  Arguably, such transcripts are not "necessarily obtained" because the witnesses are available to the party.

The Port appeals the clerk's denial of costs relating to the depositions of William Brandt, Gary Namie, Mario Alinea, George and Delphine Blair, Doug Sinclair, John Christianson and three of the Port's Rule 30(b)(6) representatives.  Dkt. # 110, p. 9. Plaintiff identified all of these individuals as trial witnesses.  Dkt. # 114-1.  The clerk granted $10,234.61 in deposition transcript costs and disallowed $4,857.80.  Dkt. # 109. The Port seeks the disallowed amount in this motion.

Mr. Brandt was plaintiff's damages expert, Mr. Namie was plaintiff's workplace retaliation and harassment expert, and Mr. Alinea was one of plaintiff's medical experts. Dkt. # 114-1, pp. 14, 16.  The Blairs are plaintiff's mother and stepfather.  Dkt. # 114-1, pp. 2, 3.  The Port argues that the testimony of these witnesses was integral to plaintiff's request for several million in damages and claims that it would have used these depositions for impeachment purposes had the case proceeded to trial.  Plaintiff does not respond to this argument, but instead urges the court to limit taxable costs to those incurred solely in connection with summary judgment.  Dkt. # 112, p. 4.  Unfortunately, that is not the law in the Ninth Circuit.  *Sea Coast Foods*, 260 F.3d at 1061; *Independent Iron Works*, 322 F.2d at 678.  The court finds that the Port has adequately explained why these depositions were necessarily obtained for use in the case and taxes these costs against Mr. Jonassen.

With respect to the deposition transcripts of Doug Sinclair, John Christianson and the three Rule 30(b)(6) representatives, the court finds that these transcripts were obtained merely for the convenience of the Port's counsel.  These witnesses are Port

1  employees and the Port could have obtained their testimony by other means, including

2  affidavits.[1]  Thus, the court will not tax these costs against Mr. Jonassen.

3      Accordingly, Mr. Jonassen will be responsible for an additional $4,339.00 in

4  deposition transcript costs, for a total of $14,573.61.

5  **C. Witness Costs**

6      The Port appeals the clerk's denial of costs relating to the witness costs of William

7  Brandt, Gary Namie, Mario Alinea, George and Delphine Blair, Doug Sinclair, and Brian

8  Tingley.  Dkt. # 110, p. 9.  The clerk granted $275.49 in witness costs and disallowed

9  $401.86.  Dkt. # 109.  The Port seeks the disallowed amount in this motion.

10     Based upon the reasoning above, the court finds that the witness costs related to

11  Mr. Brandt, Mr. Namie, Mr. Alinea and George and Delphine Blair were necessarily

12  incurred.  *See* LCR 54(d)(1).  Thus, the court will tax those costs against Mr. Jonassen.

13  The costs related to Mr. Sinclair were not necessarily incurred for the reasons previously

14  stated and the Port fails to adequately explain the costs related to Mr. Tingley.  Although

15  the Port lists Mr. Tingley's witness fee in its chart of requested costs, it also states in a

16  footnote that the clerk already taxed that cost against Mr. Jonassen.  *See* Dkt. # 110, p.

17  11, n. 3.  Absent additional explanation regarding the amounts sought for Mr. Tingley's

18  appearance, the court will not tax those costs against the plaintiff.

19     Accordingly, Mr. Jonassen will be responsible for an additional $344.36 in witness

20  costs, for a total of $619.85.

21

22

23

_____

24      [1] Although the court notes that this finding may be applicable to deposition transcripts
25  already taxed as costs by the clerk, plaintiff failed to make a timely motion objecting to such
   costs.  *See, e.g.*, *Fowler v. Cal. Highway Patrol*, 2014 WL 3965027, at * 6 (N.D. Cal. Aug. 13,
26  2014) ("Plaintiff, however, failed to file a motion seeking review of the Clerk's taxation of
   costs" and "such a motion cannot be made in an opposition" to opposing party's motion to
27  retax); *see also* LCR 54(d)(4) (requiring appeal within 7 days after costs have been taxed).

**D. Service of Process Costs**

The Port appeals the clerk's denial of service of process costs relating to subpoenas for Mr. Jonassen's medical records.  The clerk granted $520.00 in service costs and disallowed $2,165.00.  Dkt. # 109.  The Port seeks the disallowed amount in this motion.

Fees for service of process are properly taxed under section 1920.  *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).  However, the court declines to tax any of these costs against Mr. Jonassen because the Port has failed to specifically explain why they were necessarily incurred.  *See* LCR 54(d)(1).  Although the court can hypothesize as to why Mr. Jonassen's medical records were needed by the Port, the court declines to do so.  The burden is on the party seeking to tax costs and the Port has not satisfied that burden.  *Id.*

Accordingly, Mr. Jonassen will not be responsible for any additional service of process costs.

**E. Copy Costs**

The Port appeals the clerk's denial of copy costs.  The clerk granted $2,000.00 in copy costs and disallowed $13,137.22.  Dkt. # 109.  The Port seeks the disallowed amount in this motion.

Copy costs are recoverable for any materials "necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  The court has reviewed the documentation provided by the Port and finds that the description of each category of copy costs is insufficient.  The categories identified by the Port do not clearly show that the copies were "necessarily obtained" for use in the case.  For example, the Port seeks to recover costs related to "requests for documents to Jonassen's medical providers; invoices from third party medical providers for copies of Jonassen's medical records."  Dkt. # 111-7, p. 2.  The Port fails, however, to explain why these copy costs were necessary and/or how these

documents were used in the case.  The same is true with respect to the majority of the remaining categories.  Again, the court can hypothesize as to why these copies were necessary, but declines to do so.

The court has identified certain categories which were clearly necessary for use in the case and require no additional explanation.  The court has listed those categories below and will tax those costs against Mr. Jonassen.  The court has also reduced the amount requested by half because the court feels that $0.10 per page is a reasonable cost, rather than the $0.20 per page sought by the Port.

| Basis for Reimbursement | Amount Taxed by Court |
| --- | --- |
| Copy of Jonassen's personnel file for anticipated production | $15.10 |
| Copies of documents for potential use as trial exhibits; copying of exhibits identified as exhibits by Jonassen. | $ 209.10 |
| Copies of summary judgment papers submitted to the Court. | $86.10 |
| Copies of documents for summary judgment papers submitted to the Court; delivery of summary judgment papers to Court. | $140.60 |
| Total | $450.90 |

Accordingly, Mr. Jonassen will be responsible for an additional $450.90 in copy costs, for a total of $2,450.90.

**F.  Plaintiff's Defense Based Upon the False Claims Act**

Finally, the court will address plaintiff's argument regarding the False Claims Act and the possibility that an award of any additional costs may have a "chilling" effect on future civil rights litigants.  It is true that the court may refuse to award costs to a prevailing party on several recognized grounds including, the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance and complexity of the issues; the merit of the plaintiff's case; and the chilling effect on future civil rights litigants of imposing high costs.  *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999).

Plaintiff cites no case in the Ninth Circuit holding that a False Claims Act case qualifies under the above standard and other courts that have considered the issue have held that it does not.  *See, Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733-34 (7th Cir. 1999) (affirming cost award against False Claims Act plaintiff).  In any case, the court does not believe that the costs award in this case is so significant that it would have a "chilling effect."

## IV. CONCLUSION

For all the foregoing reasons, the court GRANTS IN PART defendant's motion to retax costs.  Dkt. # 110.  The court taxes the following costs against plaintiff:

1. Deposition Costs: $14,573.61

2. Witness Costs: $619.85

3. Service of process Costs: $520.00

4. Copy Costs: $2,450.90

Total:  $18,164.36

////

////

///

ORDER- 8

1    Dated this 31st day of March, 2015.

2

3                                            _____

4                                            The Honorable Richard A. Jones
                                             United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER- 9